**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

TERRICK VORNES,                                                                    PLAINTIFF
ADC # 961389

v.                                    3:26CV00198-LPR-JTK

DALE COOK, et al.                                                              DEFENDANTS

## ORDER

Terrick Vornes ("Plaintiff") is in custody at the Mississippi County, Arkansas, Detention

Center.    Plaintiff filed a <u>pro se</u> Complaint[1]  pursuant to 42 U.S.C. § 1983 and a Motion to Proceed

<u>in forma pauperis</u>, which the Court granted.    (Doc. Nos. 1, 2, 4).    The Court must screen

Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA").

## I.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v.

Williams</u>, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing

---

[1] Two other inmates are listed as plaintiffs on the Complaint.    (Doc. No. 1 at 1).    The
Clerk of the Court opened a separate action for each additional plaintiff.    The related cases are
<u>Pearson v. Cook, et al.</u>, 3:26-cv-00199-LPR-JTK (E.D. Ark.) and <u>Mathews v. Cook, et al.</u>, 3:26-
cv-00200-LPR-JTK (E.D. Ark.).

pro se, his complaint must allege specific facts sufficient to state a claim.    Martin v. Sargent, 780

F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must

give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520

(1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts

alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Discussion

### A.    Plaintiff's Complaint

Plaintiff sued the Mississippi County Sheriff Dale Cook, Detention Center Administrator

Heyley Hooton, and Captain McCullum under 42 U.S.C. § 1983 in their personal and official

capacities.    (Doc. No. 2 at 1-2).    Plaintiff and two other individuals identified as plaintiffs in the

Complaint made the following allegations:

> We are held at Mississippi County Jail.    I, Terrick Vornes, Ricky Pearson, and
> Marcel Mathews has asked and wrote grievances on the conditions of the jail we
> are living in, and Captain McCullum is the officer that responds to the grievances.
> We have appealed our grievances hoping to go to jail administrator Ms. Heyley
> Hooton but it didn't.    She is administrator for grievance appeals.    Captain
> McCullum response to all grievance procedures.    We have wrote to Dale Cook
> Sheriff of Mississippi County about the condition of the jail we are being held in
> and we never got a response.
>
> We are being held at the Mississippi County Detention Center on felony charges.
> But the living condition of this jail is ran very poorly.    There is mold growing
> massively on the ceiling and walls of the dorms and cell blocks we are living in.
> The dorms and cell blocks are poorly kept cleaned.    The water that we drink is a
> light brown.    They refuse to treat the water that we have to drink and bathe in.    It
> is unsafe for us to drink.    They don't give cleaning supplies day to day to keep our
> living areas clean.    We are forced to shower in unsafe hard water….

2

There are two cell blocks that don't ever get cleaned period.   Cell Block D and cell Block E has trash and human body waste everywhere and they keep inmates locked down in these cell blocks 23 and 7 inmates locked down in those cell blocks as punishment . . . We don't never go outside for recreation nor to get fresh air.   That is an act of unhuman act.   We are supposed to get a hour out a day depends on the weather.   The water source that we drink from comes from a water well that is less than a hundred yards from a land field waste site.   In our living quarters we have large amounts of rust on the beds we sleep on and rust on the tables we eat on. This is a bad health hazard.

I have filled out many grievances about our health conditions of all inmates in B-Dorm.   Grievance number #31,021,894 is the latest one I wrote.   Of the condition that we are living in that is taking a toll on our health.   Most recent grievance filed on 6/14/2026 ref # 31, 021,894.

On 5/20/2026 I Terrick Vornes had asked the nurse at Mississippi County Jail could he read my vital cause I wasn't feeling well.   He refused my request.   They made me put in a medical form and I had to wait the next day to be seen on sick call.   To find out I was having a medical emergency.   My blood pressure was so high the nurse told me I needed to see a doctor but they refused to.   My blood pressure was so high that I should have went to the emergency room.   But they refused to let me go. I stayed in this condition for seven days.   I couldn't sleep or eat.   On 5/23/2026 the nurse asked me did I want to take some antibiotics.   I'm asking the nurse why my blood pressure was so high.   The nurse couldn't tell me but gave me some meds to take for seven days.   For seven days I asked the nurse what was wrong with me for seven days and the nurse could not tell me.

(Id. at 4-6).

Plaintiff seeks damages.   (Id. at 7).

**B.      Plaintiff May Not Represent the Claims of Others**

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."   Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).   See also 42 U.S.C. § 1983 (establishing liability "to the party injured").   To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff generally lacks standing to bring that claim.   Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

3

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

The Complaint in this case identifies three individuals as plaintiffs—Plaintiff and two other inmates. (Doc. No. 2 at 1-2). But Plaintiff may pursue only his own claims in this case. To the extent Plaintiff seeks to bring claims on behalf of other inmates, those claims fail. Because the Complaint was signed by three individuals, the Court cannot determine which conditions Plaintiff endured.

### C.      Personal Capacity Claims

Plaintiff's claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff makes two sets of claims: conditions of confinement and deliberate indifference to serious medical needs.

Plaintiff alleges Defendants subjected him to unlawful conditions of confinement. As explained above, because the Complaint was written in terms of "we" and includes allegations about other inmates, the Court is not able to determine which conditions were specific to Plaintiff.

Plaintiff also alleges that he did not receive adequate medical treatment. (Doc. No. 2 at 6). But Plaintiff did not name as a defendant the nurse mentioned in these allegations.

### D.     Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). Because Plaintiff has not made such allegations, his official capacity claim fails.

Platiniff will be given the chance to file a superseding Amended Complaint to cure the defects in his pleading.

### E.     Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original

5

Complaint without legal effect.[2]   Only claims properly set out in the Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of him constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

III.    **Conclusion**

IT IS THEREFORE ORDERED that:

1.      If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, the Court will recommend that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.   28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

2.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 23rd day of July, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).